**[J-37-2023] [MO: Brobson, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 41 WAP 2022 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered June 23, |
| | : | 2022 at No. 601 WDA 2021, |
| v. | : | vacating the Order of the Court of |
| | : | Common Pleas of Allegheny County |
| | : | entered April 14, 2021 at No. CP-02- |
| RONNIE LEHMAN, | : | CR-0003380-2018, and remanding. |
| | : | |
| Appellee | : | SUBMITTED:  June 21, 2023 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                                  **DECIDED: MARCH 21, 2024**

I agree with the Majority that Appellee Ronnie Lehman was "committed to" Renewal Center at the time he unlawfully possessed a controlled substance in violation of Section 113(a)(16) of the Controlled Substance Drug, Device and Cosmetic Act ("Controlled Substance Act"), 35 P.S. § 780-113(a)(16).  As such, I further agree with the Majority's conclusion that Lehman was an "inmate" as that term is used and defined in Section 5123(a.2), (e) of the Crimes Code, 18 Pa.C.S. § 5123(a.2), (e), at the time of his offense.  The Majority, therefore, correctly concludes that Lehman's trial and appellate counsel were not ineffective for failing to challenge the sufficiency of the evidence supporting his conviction under Section 5123(a.2).

I disagree, however, with the Majority's conclusion that the language of Sections 5123(a.2) and (e) is plain and unambiguous.  Rather, I would find that the language is ambiguous as it is open to more than one reasonable interpretation.  Specifically, while I do not agree with the Superior Court's determination that Lehman was not an inmate at

the time of his offense, I disagree with the Majority's conclusion that the lower court's interpretation of the statute is unreasonable. Section 5123(a.2) states that "a prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of" Section 113(a)(16) of the Controlled Substance Act. 18 Pa.C.S. § 5123(a.2). Subsection (e) defines an "inmate" as "[a] male or female offender who is committed to, under sentence to or confined in a penal or correctional institution." 18 Pa.C.S. § 5123(e). Unlike the Majority, I find the phrase "committed to" to be ambiguous and as such the Court must turn to the factors set forth in Section 1921(c) of the Statutory Construction Act, 1 Pa.C.S. § 1921(c), and other rules of statutory construction. *See Pa. Sch. Bds. Ass'n., Inc. v. Pub. Sch. Emps. Ret. Bd.*, 863 A.2d 432, 436 (Pa. 2004). While the Majority finds the statutory language at issue unambiguous, it also sets out the statutory construction principles courts take into account when statutory language is ambiguous. *See* Maj. Op. at 11-12. Particularly instructive is the discussion of the legislative intent of Section 5123(a.2), which makes clear the General Assembly's goal in enacting the statute was total abstinence of controlled substances by inmates. *See id.* That goal is furthered by the Majority's conclusion that Lehman was "committed to" Renewal Center and, thus, an "inmate" as those terms are used in Sections 5123(a.2), (e). As such, I concur with the Majority's holding.

Justice Dougherty joins this concurring opinion.